IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| SETH HULETT and PEOPLE OF HOMELESS ENCAMPMENT, | § § § | |
|---|---|---|
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:18-CV-970-L** |
| CITY OF DALLAS and PEOPLE PUTTING UP FENCE, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court are a Request for Immediate Injunction and Request for Counsel (Doc. 4). On April 17, 2018, Seth Hulett and the "People of Homeless Encampment" (collectively "Plaintiffs") filed a Complaint (Doc. 3) against the City of Dallas and "People Putting Up Fence" (collectively "Defendants"). From what the court can glean from Plaintiffs' virtually indecipherable and illegible Complaint, they seek to obtain a temporary restraining order to prevent Defendants from erecting a fence at a particular location.

There are four prerequisites for the extraordinary relief of preliminary injunction or TRO. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

**Memorandum Opinion and Order – Page 1**

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a TRO or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction.

In considering these four requirements and deciding whether to grant injunctive relief, courts must keep in mind that the granting of a TRO or preliminary injunction "is an extraordinary and drastic remedy [that] should not be granted unless the movant clearly carries the burden of persuasion," and a TRO or preliminary injunction is necessary "to preserve the court's ability to render a meaningful decision on the merits." *Callaway*, 489 F.2d at 573. Thus, "only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction [or TRO]." *Id.*

Plaintiffs have not met their burden with respect to *any* of the requirements to obtain a temporary restraining order or any type of injunctive relief. Accordingly, Plaintiffs' request for injunctive relief is **denied without prejudice.** The court acted on the motion because Plaintiffs are seeking immediate injunctive relief. All other matters, including the Request for Counsel, are referred to United States Magistrate Judge Irma Carrillo Ramirez pursuant to Special Order 3.

**It is so ordered** this 18th day of April, 2018.

*[signature]*
Sam A. Lindsay
United States District Judge