**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SETH HULETT, et al., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **No. 3:18-CV-970-L-BH** |
| | ) | |
| CITY OF DALLAS, et al., | ) | |
| | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge**[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

## I. BACKGROUND

The *pro se* plaintiff initially filed this action against the defendant and moved for leave to proceed *in forma pauperis* (IFP) and injunctive relief on April 17, 2018. (*See* docs. 3, 4, 6.) On that date, he was mailed an instruction form that specifically advised him that he must notify the Court if his address changed, or his case could be dismissed. (*See* doc. 2.) His motion for injunctive relief was denied, and his motion for leave to proceed IFP was granted, on April 18, 2018. (*See* docs. 7, 8.) The order granting IFP status also specifically advised him that he must notify the Court if his address changed, or his case could be dismissed. (*See* doc. 8.) On July 5, 2018, all of the mailings from the Court, including copies of the orders, were returned as undeliverable. (*See* doc. 11.) On May 7, 2019, the Court sent the plaintiff a questionnaire to obtain more information about his claims. (*See* doc. 13.) The questionnaire specifically advised the plaintiff that his answers to the questionnaire were due within fourteen days, and that a

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

failure to file his answers could result in the dismissal of his case. *Id.* Well more than fourteen

days from the date of the questionnaire have passed, but the plaintiff has not filed his answers or

else in this case. On June 20, 2019, the questionnaire was returned as undeliverable. (*See* doc.

14.) It appears that the plaintiff has changed addresses without notifying the Court as directed.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action

*sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835

F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's

inherent power to control its docket, prevent undue delays in the disposition of pending cases,

and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

The instruction form and the IFP order both advised the plaintiff that failing to file a change of

address could result in dismissal of this action, but he failed to file a change of address, and the

Court's orders have been returned as undeliverable. He also failed to comply with the May 7,

2019 order that he provide answers to the questionnaire despite a warning that failure to do so

could result in dismissal of the case. He has not filed anything else in the case. Because the

plaintiff failed to follow a court order or otherwise show that he intends to proceed with this

case, it should be dismissed.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to

prosecute or follow orders of the court, unless the plaintiff files a change of address form and his

answers to the questionnaire within the time for objecting to this recommendation, or by some

other deadline set by the court.

**SO RECOMMENDED on this 21st day of October, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3